NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3471

BRYAN D. BARNES,

Petitioner,

v.

GOVERNMENT PRINTING OFFICE,

Respondent.

_____

DECIDED:   May 3, 2005
_____

Before MAYER, CLEVENGER, and SCHALL, Circuit Judges.

PER CURIAM.

Bryan D. Barnes appeals the decision of the Merit Systems Protection Board, which dismissed Barnes' appeal for lack of jurisdiction.  Barnes v. Gov't Printing Office, DC0752030536-I-1 (MSPB July 30, 2004).  Because the board's decision is supported by substantial evidence, we affirm.

A resignation is presumed to be voluntary and beyond the board's jurisdiction. Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340 (Fed. Cir. 2001).  Barnes may avoid this presumption and establish board jurisdiction upon a showing that his resignation was involuntary.  See id. at 1341.  To establish involuntariness on the basis of coercion he must show: (1) the Government Printing Office ("agency") effectively imposed the terms

of his resignation; (2) he had no realistic alternative but to resign or retire; and (3) his resignation was the result of improper acts by the agency. See Staats v. United States Postal Serv., 99 F.3d, 1120, 1124 (Fed. Cir. 1996). Board regulations and this court's precedent require that Barnes prove involuntariness by preponderant evidence. See 5 C.F.R. § 1201.56(a)(2) (2005) ("The appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . [i]ssues of jurisdiction[.]"); Cruz v. Dep't of the Navy, 934 F.2d 1240, 1243-44 (Fed. Cir. 1991) (en banc) (holding that an appellant must prove involuntariness in order to establish board jurisdiction over a constructive removal claim).[*]

The question before the board was whether Barnes had made sufficient nonfrivolous allegations of fact to prove that his resignation was involuntary, thus giving the board jurisdiction to rule on the merits of his case. He resigned from employment at the agency on December 26, 2001. He appealed to the board on May 27, 2003, alleging that his resignation was involuntary because it was the result of coercion or duress resulting from a hostile work environment and intolerable working conditions. Barnes makes no allegation of fact that would make a reasonable employee confronted with the same circumstance feel coerced into resigning. He alleges that the agency improperly refused to permanently promote him to a position to which he had been temporarily assigned. However, agency regulations did not allow for the requested promotion. Further, Barnes provides no proof that verbal counseling and written

---

[*] To the extent cases subsequent to Cruz, e.g., Spruill v. Merit Systems Protection Board, 978 F.2d 679 (Fed. Cir. 1992), and its progeny, may appear inconsistent with that case, they do not control because the earlier case prevails, most emphatically when decided en banc. See Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed. Cir. 1988).

04-3471                                                     2

reprimands administered by the agency were improper, or that his supervisor created a work environment sufficiently hostile to justify his departure.